WILL PRICE V. THE STATE.

No. 9202.  Delivered Oct. 28, 1925.

Rehearing denied April 28, 1926.

1.—Possessing Mash, Etc.—Presentment of Indictment—Minutes of Court—Held Sufficient.

Where appellant moves to quash the indictment because the minutes of the court do not show the name of appellant, the file number of the case only being shown, no error is presented in overruling such motion. It is a sufficient description and identification of the cause to state its file number in the minutes of the court, showing the presentment of the indictments by the grand jury. Following Lynn v. State, 13 S. W., 868.

2.—Same—Argument of Counsel—Held Proper.

Where appellant defended on the ground that the paraphernalia found to manufacture whisky in his possession was intended for medicinal purposes to be used by his wife, she being present at the trial, and not having been introduced as a witness, it was legitimate and proper for the state's counsel to comment on his failure to introduce her as a witness, in his argument to the jury.

3.—Same—Argument of Counsel—Improper, but Not Reversible Error.

Where in his closing argument to the jury counsel for the State declared that if they should turn appellant aloose "he would start many boys on the road to hell," while improper, such statement was nothing more than the conclusion and the deductions of the prosecuting attorney, and was not of sufficient importance to warrant a reversal of the case.

4.—Same—Requested Charge—On Weight of Evidence Properly Refused.

Where, on a trial for possessing mash, etc., for the purpose of manufacturing intoxicating liquor, there was no error in refusing a special charge requested by appellant that the law did not limit the quantity of intoxicating liquor a person may manufacture for medicinal purposes. Such charge was clearly on the weight of the evidence.

ON REHEARING.

5.—Same—Presentment of Indictment—Minutes of Court—Statute Construed.

Our C. C. P., Art. 394, provides: "The fact of a presentment of

indictment in open court by a grand jury shall be entered upon the minutes of the court, noting briefly the style of the criminal action, and the file number of the indictment, but omitting the name of the defendant unless he is in custody or under bond." This article has never been held mandatory, but it has been held by this court that the file number on the indictment is a sufficient identification, when it is the same file number as the case on trial. See Bohannon v. State, 14 Tex. Crim. App. 271. Distinguishing Hickox v. State, 95 Tex. Crim. Rep. 173.

**6.—Same—Reopening Case—After Argument Begun—Discretion of Court.**

Under Art. 643, C. C. P. 1925, the court, in its sound discretion may permit admission of evidence at any time before argument is closed, and a reversal will be ordered only when an abuse of such discretion is shown. No abuse of discretion is shown in the instant case, in the refusal of the court to permit appellant to place his wife on the witness stand, when counsel for the state was closing the argument before the jury. See Art. 718 Vernon's C. C. P. and Branch's Ann. Tex. P. C., Sec. 378, for collation of authorities.

Appeal from the District Court of Cook County. Tried below before the Hon. C. R. Pearman, Judge.

Appeal from a conviction for possessing mash, etc., for the purpose of manufacturing intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Culp, Culp & Culp* and *J. T. Adams* of Gainesville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Cooke County for the offense of possessing mash for the unlawful manufacture of spirituous, vinous and malt liquor capable of producing intoxication, and his punishment assessed at confinement in the penitentiary for a term of two years.

Appellant filed a motion to quash the indictment because there was not sufficient order on the minutes of the court showing the presentment of said indictment as required by Sec. 446, C. C. P. In said motion it is made to appear that the following is the order of the court showing the presentment of said indictment:

"Thursday, May 1, 1924. This day came on to be heard into open court in a body the grand jury, a quorum thereof being present and through their foreman delivered to the judge of this court the following indictments, to-wit: Numbers 7364

(and other cases, by number against various other parties) and the said grand jury adjourned until Wednesday, May 7, 1924."

The record manifests the fact that No. 7364 is the indictment on which the appellant was convicted.

The trial court correctly overruled the motion to quash. Lynn v. State, 13 S. W., 868. Judge Wilson in the Lynn case, supra, decided the exact question presented against the appellant's contention. From that case, we quote the following:

"When an indictment is presented in court, the law requires that the fact of presentment shall be entered upon the minutes, noting the style and the file number of the indictment, but omitting the name of the defendant, unless he is in custody or under bond. Id. Art. 415. We see from the last cited provision that there must be a file number upon the indictment in the District Court, and this file number is evidently for the purpose of designating and identifying the cause. In our opinion, it is a sufficient description and identification of the cause to state its file number; and we hold, therefore, that the proceedings and certificate of transfer in this cause are in compliance with the statute, and that defendant's plea to the jurisdiction was properly overruled."

The ruling in the Lynn case, supra, is not in conflict with the opinion of Judge Hawkins in the case of Hickox v. State, 253 S. W. 823, but a careful consideration of the Hickox case will show that it is clearly distinguishable on the facts presented.

The record discloses that the wife of the appellant was not used as a witness on the trial of the case and bill of exceptions No. 3, complains at the action of the County Attorney in challenging the appellant to put Mrs. Price on the stand and let her testify that the whiskey in question was made for medicinal purposes for her. The bill discloses that this challenge was made in the closing argument, and the appellant objected to it and at the same time accepted the challenge and offered to put her on the stand but the court refused to permit this to be done. This was a matter within the sound discretion of the trial court and we cannot say from this record that this discretion was abused in refusing to stop the argument and reopen the testimony at the stage of the proceedings when this happened. The argument complained of was legitimate and we doubt the propriety, under the circumstances disclosed by this record, of allowing it to be met by reopening the case.

By bill of exceptions, complaint is made at the remarks of the County Attorney in his closing argument to the jury to the effect that if they should turn the appellant aloose he would start on the road to hell many boys, etc. This language was rather lurid but it clearly appears to be offered as nothing more than the conclusion and the deduction of the prosecuting attorney and no doubt the jury considered and weighed it as such. We cannot say that it was of sufficient importance to warrant a reversal of the case. In fact, as above stated, we think it clear that it was a mere statement of the prosecutor's conclusion drawn by him from the facts as developed on the trial of the case.

By special charge No. 4, appellant requested the court to instruct the jury that the law does not limit the quantity of intoxicating liquor a person may manufacture for the purpose set out in Sections Two and Three of the main charge herein given and any quantity of mash on hand would be lawful if the purpose of having said mash on hand was for the manufacture of intoxicating liquor for medicinal purposes and no other purpose. This charge was properly refused. It was clearly on the weight of the evidence, was argumentative and certain parts of it were of doubtful legal soundness.

We have carefully examined the statement of facts and it is our conclusion that the evidence is amply sufficient to support the verdict, and finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Article 394, C. P. P. 1925 (Old Code No. 446) reads as follows:

"The fact of a presentment of indictment in open court by a grand jury shall be entered upon the minutes of the court, noting briefly the style of the criminal action and the file number of the indictment, but omitting the name of the defendant, unless he is in custody or under bond."

The record of presentment in the present case is copied in our original opinion and identifies the indictment against accused by number only. It is again urged in appellant's

motion for rehearing that the statute (Art. 394 C. C. P.) is mandatory and that the presentment entry on the court minutes must show both the style of the criminal action and the file number of the indictment, and in addition must show the name of the accused where he is in custody or under bond, the record affirmatively showing appellant to have been under bond when the indictment was returned. It is appellant's contention that the omission of any one of the three items mentioned is fatal to the indictment when urged in limine. We think this position is not sustained by the former decisions of this court. Obviously the purpose of the statute quoted was to require such entry of the presentment of the indictment to be made as would identify it as charging accused with a criminal offense. The quotation from Lynn v. State, 13 S. W. 868 contained in our original opinion leaves no doubt that such was the construction given it by the court speaking through Judge Wilson. This statement in Lynn v. State, (supra) is caimed to be dicta in that the question then before the court was the validity of an order of transfer from the District Court to the County Court and not the sufficiency of an entry of presentment in the District Court. This may be true but the court had the very statute, now Article 394, C. C. P., in mind for the statute is quoted immediately preceding the announcement construing it. The view of the court as then constituted is confirmed by the opinion in Bohannon v. State, 14 Tex. Ct. App. 271. The contention there was that the indictment did not appear to have ever been returned into court, *and record made of the fact.* The court said, "This objection is not, we think, supported by the record. We find in the record an entry showing the return into court, and presentment by the grand jury of the indictment, *designated by its file number,* which we think is in compliance with the law. Code Crim. Proc. Art 415." It may be stated that Article 415 referred to is identical with present Article 394 C. C. P. The opinion in Hickox v. State, 95 Tex. Cr. R. 173, 253 S. W. 823 is not in conflict with the authorities relied on but is in consonance with them. There the presentment entry only referred to an indictment charging "murder." No number of the indictment was given, and neither was the accused named. It was held that the word "murder" identified nothing, that it could apply to one person or one indictment as well as another. We think this does not apply where the number of the indictment is

entered of record, and the indictment on which accused is tried bears the same identical number.

We have again examined the complaint urged by appellant because the court declined to permit appellant to place his wife on the witness stand during the closing argument of the County Attorney. Under article 643 C. C. P. (1925) the court in its sound discretion may permit admission of evidence any time before argument closes and a reversal will be ordered only when an abuse of such discretion is shown. (See authorities collated under Article 718, Vernon's C. C. P., and under Sec. 378, Branch's Ann. Tex. P. C.) Proof had been made that the wife of appellant had not been very strong for some time; her family physician had also testified that while he had not prescribed whiskey for her in the sense that he had written prescriptions for whiskey yet he had told her that whiskey would be beneficial. Appellant seemed content to let his defense rest on this proof notwithstanding the state had proved that a quantity of mash, a coil and some whiskey were found in the smoke house, and a still and a small quantity of whiskey were found in a trunk in the residence. Appellant did not testify and failed to call his wife to explain away the inculpatory facts or that the whiskey was for her use as medicine, although she was in a position to throw light on the matter, and appellant knew the state was at liberty to criticise him for failing to call the wife as a witness. Whatever the language used by the County Attorney in his closing argument regarding this point the effect was a criticism of such failure. It was a matter appellant knew beforehand was available to the state, and he closed his evidence without using the wife. Under the circumstances we think this court would not be warranted in holding that the trial judge abused his discretion in refusing to permit the wife to testify during the closing argument. There would have been no impropriety in permitting it, and cases might arise where the court's refusal to permit evidence to be introduced at this point in the proceeding would be held an abuse of judicial discretion. We think it does not so appear under the facts now before us.

The motion for rehearing is overruled.

*Overruled.*